UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

GARY W. WALTERS,

         Plaintiff,

vs.

BRIAN WILLIAMS, SR.; *et.al.*,

         Defendants.

Case No. 2:15–cv–2196–JAD–VCF

**ORDER**

Before the court are Williams's motion to stay discovery (ECF No. 44), Walters's response (ECF No. 48), and Williams's reply (ECF No. 50). For the reasons stated below, Williams's motion is granted.

**I. Discussion**

The court applies a two-part test when evaluating whether a stay of discovery should be imposed. *TradeBay, LLC v. Ebay, Inc*., 278 F.R.D. 597, 600 (D. Nev. 2011) (citations omitted). First, the pending motion must be potentially dispositive of the entire case or at least the issue on which discovery is sought. *Id*. Second, the court must determine whether the pending motion to dismiss can be decided without additional discovery. *Id*. When applying the second prong, the court must take a preliminary peek at the merits of the pending dispositive motion to assess whether a stay is warranted. *Id*. The purpose of the preliminary peek is not to prejudge the outcome of the motion to dismiss. *Id.* Rather, the court's role is to evaluate the propriety of an order staying discovery. *Id.*

First, the pending motion to dismiss is a dispositive motion that may resolve all issues in controversy. Williams has moved for summary judgement based on qualified immunity and Walter's failure to exhaust his administrative remedies. (ECF No. 36)

Second, Williams argues that no additional discovery is needed because Walters has already filed an opposition to the motion for summary judgement. Walters did not request additional discovery to oppose the motion for summary judgement. (ECF No. 48)

After a preliminary peek, the court finds that the plaintiff is unlikely to prevail on the motion for summary judgement. "[A] pending Motion to Dismiss is not ordinarily a situation that in and of itself would warrant a stay of discovery. Common examples of such situations, however, occur when jurisdiction, venue, or immunity are preliminary issues." *Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D.Nev. 1997). Williams argues that he is entitled to qualified immunity and that Walters failed to exhaust his administrative remedies. (ECF No. 36) The immunity and jurisdictional arguments warrant staying discovery until the motion to dismiss is decided. *Turner Broadcasting System*, 175 F.R.D. at 556.

ACCORDINGLY, and for good cause shown,

IT IS HEREBY ORDERED that Williams's motion to stay discovery (ECF No. 44) is GRANTED. Discovery is stayed pending a decision on the motion for summary judgement (ECF No. 36).

IT IS SO ORDERED.

DATED this 24th day of February, 2017.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE