UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Gary W. Walters,<br><br>　　　　Plaintiff<br><br>v.<br><br>Brian Williams, Sr., et al.,<br><br>　　　　Defendants | 2:15-cv-02196-JAD-VCF<br><br>**Order Granting Motion for Summary Judgment**<br><br>[ECF No. 36] |

　　　Former Nevada state-prison inmate Gary W. Walters sues multiple defendants for civil-rights violations that allegedly took place while Walters was incarcerated at the Southern Desert Correctional Center (SDCC). I screened Walters's complaint under the Prison Litigation Reform Act (PLRA) and allowed this case to proceed on a single conditions-of-confinement claim against Nevada Department of Corrections Warden Brian Williams, Sr. and Associate Warden/Director of Food Services Harris Williams. The Nevada Attorney General's Office accepted service for defendant Brian Williams but not for defendant Harris Williams, who the office claims it has been unable to identify based on the information provided by Walters.[1]

　　　Brian Williams, Sr. moves for summary judgment, arguing that he is entitled to qualified immunity from Walters's claim and that Walters failed to exhaust all prison administrative remedies as required by the PLRA. I find that the Warden is entitled to qualified immunity, so I grant the motion and enter judgment for Brian Williams, Sr. and against Walters. Walters has until April 30, 2017, to file proof of proper service on defendant Harris Williams. If Walters does not file proof of proper service by this deadline, I will dismiss Walters's claim against this defendant under FRCP 4(m) and close this case without further notice.

---

[1] ECF No. 35.

**Discussion**

**A.     Summary Judgment Standards**

Summary judgment is appropriate when the pleadings and admissible evidence "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[2] When considering summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party.[3] If reasonable minds could differ on material facts, summary judgment is inappropriate because its purpose is to avoid unnecessary trials when the facts are undisputed, and the case must then proceed to the trier of fact.[4]

If the moving party satisfies Rule 56 by demonstrating the absence of any genuine issue of material fact, the burden shifts to the party resisting summary judgment to "set forth specific facts showing that there is a genuine issue for trial."[5] The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts"; he "must produce specific evidence, through affidavits or admissible discovery material, to show that" there is a sufficient evidentiary basis on which a reasonable fact finder could find in his favor.[6]

Walters claims that he was subjected to unconstitutional conditions of confinement because he was forced to eat processed meat and hotdogs in prison and these foods increase the risk of colon and pancreatic cancer and diabetes. Williams argues that he is entitled to qualified immunity. Alternatively, he contends that Walters failed to properly exhaust all available prison remedies as required by the PLRA: he submitted only an informal grievance relating to his processed-meats claim and it was rejected because he failed to sign and date it as the prison regulations require.

---

[2] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986) (citing FED. R. CIV. P. 56(c)).

[3] *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

[4] *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995); *see also Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994).

[5] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Celotex*, 477 U.S. at 323.

[6] *Bank of Am. v. Orr*, 285 F.3d 764, 783 (9th Cir. 2002) (internal citations omitted); *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991); *Anderson,* 477 U.S. at 248–49.

Walters responds that defendants falsified the grievance by removing his signature and that it was in fact signed, and that this fraudulent conduct precludes Williams from invoking the doctrine of qualified immunity and defeats his exhaustion arguments.

**B.     Qualified Immunity**

"The doctrine of qualified immunity shields officials from civil liability so long as their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'"[7] "Public officials are immune from suit . . .unless they have 'violated a statutory or constitutional right that was clearly established at the time of the challenged conduct.'"[8] The central dispositive inquiry essential to finding a right "clearly established" is "whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted."[9] "To be clearly established, a right must be sufficiently clear that *every* reasonable official would have understood that *what he is doing* violates that right."[10] It is not necessary for a plaintiff to cite a case that is "directly on point, [but] existing precedent must have placed the . . . constitutional question beyond debate."[11] As the Ninth Circuit recently explained in *Hamby v. Hammond*, a defendant is entitled to qualified immunity so long as "none of our precedents 'squarely governs' the facts here," meaning that "we cannot say that only someone 'plainly incompetent' or who 'knowingly violate[s] the law' would have . . . acted as [the officials] did."[12]

Walters claims that he was subjected to unconstitutional conditions of confinement because he was forced to eat processed meat and hotdogs in prison and that these foods increase the risk of

---

[7] *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015) (quoting *Pearson v. Callahan,* 555 U.S. 223, 231(2009)).

[8] *City & Cty. of San Francisco, Calif. v. Sheehan*, 135 S. Ct. 1765, 1774 (2015) (quoting *Plumhoff v. Rickard*, 134 S. Ct. 2012, 2023 (2014)).

[9] *Saucier v. Katz*, 533 U.S. 194, 202 (2001), *receded from by Pearson*, 555 U.S. 223.

[10] *Hamby v. Hammond*, 821 F.3d 1085, 1090 (9th Cir. 2016) (quoting *Taylor v. Barkes*, 135 S. Ct. 2042, 2044 (2015)) (emphasis in *Hamby*).

[11] *Id.* (citing *Ashcroft v. al-Kidd*, 563 U.S. 731, 740 (2011)).

[12] *Id.* (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)).

1  colon and pancreatic cancer and diabetes.  Williams argues that he is entitled to qualified immunity
2  because there was no law during the period at issue clearly establishing that serving inmates
3  processed meats violates the Constitution.[13]  Walters cites no case that would have placed Williams
4  on notice that serving processed meats to inmates violates the Constitution, and I have found none.[14]
5  Because an inmate's right not to be served processed meats was not clearly established, Williams is
6  entitled to qualified immunity and I need not address the parties' unrelated exhaustion arguments.

7  Walters also cites no authority to support his unclean-hands argument that, because Williams
8  allegedly falsified documents in support of his unrelated exhaustion argument, he cannot claim
9  qualified immunity.  Even if Walters's fraud allegations were true, the qualified-immunity analysis is
10 an objective one: it asks whether a reasonable officer would have known that his conduct was
11 unlawful.  Williams's subjective intentions and any actions taken after the fact are irrelevant to the
12 analysis.

---

[13] ECF No. 36 at 5.

[14] Importantly, Walters's objection to being served the complained-of meat is not religion-based.  *See Shakur v. Schriro*, 514 F.3d 878, 888–89 (9th Cir. 2008) (holding that failure of prison officials to provide Muslim prisoner with Halal or Kosher meal diet could constitute substantial burden on religious exercise under the RLUIPA); *see also Lovelace v. Lee*, 472 F.3d 174, 198–99 (4th Cir. 2006) (holding that prisoner's right to religious diet under RLUIPA is clearly established for purposes of qualified immunity).  Walters also does not contend that he had any physician-ordered dietary restrictions from consuming processed meats or that Williams was aware of any such restrictions and failed to honor them.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Brian Williams, Sr.'s motion for summary judgment **[ECF No. 36] is GRANTED.**

The Clerk of Court is directed to ENTER JUDGMENT for this defendant and against plaintiff.

IT IS FURTHER ORDERED that Walters has until April 30, 2017, to file proof of proper service on defendant Harris Williams. If Walters does not file proof of proper service by this deadline, I will dismiss the claim against this defendant under FRCP 4(m) and close this case without further notice.

Dated this 31st day of March, 2017.

_____
Jennifer A. Dorsey
United States District Judge